**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **CHAD A. PLUMLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:07-00245** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security suspending Plaintiff's Supplemental Security Income (SSI) benefits paid under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on the parties' cross-Motions for Judgment on the Pleadings (Document Nos. 8 and 14.) and Plaintiff's Reply. (Document No. 15.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document No. 5; L.R. Civ. P. 9.1(b).)

The Plaintiff, Chad A. Plumley (hereinafter referred to as "Claimant"), became entitled to SSI benefits in 1996, based on Claimant's psychological impairments, stemming primarily from bipolar disorder and schizoaffective disorder.[1] (Tr. at 66.) In December, 2001, the state agency suspended Claimant's benefits and assessed an overpayment in the amount of $ 7,163.17, based on the "fleeing felon" provisions of the Social Security Act. (Tr. at 14.) The Social Security Administration ("SSA") determined that Claimant had been improperly paid Title XVI disability

---

[1] Claimant's underlying entitlement to SSI benefits based on his bipolar and schizoaffective disorders is uncontested.

benefits during the period from October, 1999, through December, 2001. (Tr. at 14, 24.) Claimant appealed this determination, which appeal was denied on January 11, 2002 (Tr. at 62-65.), and on July 21, 2004, he requested a hearing before an Administrative Law Judge. (Tr. at 14, 71.) A hearing was held on January 31, 2006, before the Honorable Robert S. Habermann. (Tr. at 93-104.) By decision dated May 9, 2006, the ALJ determined that Claimant's benefits were properly suspended and that overpayment was properly assessed for the period from October, 1999, through December, 2001. (Tr. at 14-16.) The ALJ's decision became the final decision of the Commissioner on February 3, 2007, when the Appeals Council denied Claimant's request for review. (Tr. at 6-9.) On April 19, 2007, Claimant brought the present action seeking judicial review of the administrative decision. (Document No. 1.)

In this particular case, the ALJ determined that Claimant's cash benefits were suspended and an overpayment assessed based on his being a "fleeing felon" under 42 U.S.C. 1382(e)(4)(A) and 20 C.F.R. §§ 416.202, 416.1339, and 416.708. (Tr. at 16, Finding No. 1.) The ALJ further found that Claimant was convicted of a Class A misdemeanor in the State of New York and fled the jurisdiction prior to completing his imposed sentence of thirty days confinement to a work farm. (Tr. at 16, Finding No. 2.) The ALJ found that a fugitive warrant was issued for Claimant's arrest on January 18, 1996, and that no evidence was produced that Claimant had satisfied the terms of that warrant. (Tr. at 16, Finding No. 3.) Consequently, the ALJ found that Claimant's benefits were properly suspended, and that an overpayment was properly assessed for the period from October, 1999, through December, 2001. (Tr. at 16, Finding No. 4.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner

2

suspending Claimant's benefits and assessing an overpayment is supported by substantial evidence.

In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in finding that Claimant's benefits were properly suspended, and (2) the ALJ's interpretation of the pertinent statutory and regulatory language is erroneous. (Document No. 9 at 5-12.) Regarding his first claim, Claimant contends that he was not convicted of a felony, did not have a pending felony prosecution, and was not on probation or parole. (Id. at 5-9.) The Commissioner asserts that Claimant's arguments are without merit and that substantial evidence supports the ALJ's decision. (Document No. 14 at 3-4.)

Analysis.

Claimant first alleges that the ALJ incorrectly determined that Claimant's benefits were

suspended. (Document No. 9 at 5-9.) Claimant concedes that the ALJ's first three findings are accurate recitals of the facts but asserts that those facts do not support the conclusion contained in the ALJ's fourth finding, that Claimant's benefits were properly suspended. (Id. at 5.) Claimant contends that under 42 U.S.C. § 1382(e)(4)(A), he neither was a convicted felon, had a pending felony prosecution, nor was on probation or parole. (Id. at 5-9.) Claimant asserts that he pled guilty to a misdemeanor in the State of New York, and therefore, the statutory provision is inapplicable. The Commissioner asserts that though Claimant was convicted of a misdemeanor, his subsequent conduct, the act of fleeing, "squarely fits within the parameters of the 'fleeing felon' provisions." (Document No. 14 at 4.) The Commissioner asserts that a warrant was issued for Claimant's arrest which had not been resolved. (Id.) The Commissioner further asserts that Claimant violated a condition of probation or parole by fleeing from the State of New York, and therefore, his SSI benefits were properly suspended and an overpayment properly assessed. (Id.)

The facts of this matter essentially are not in dispute. Prior to Claimant's award of SSI benefits, he was charged in the State of New York with the offense of possession of stolen property, a felony. (Tr. at 75.) On August 9, 1995, Claimant entered a plea of guilty to attempt to possess stolen property in the fifth degree, a Class A misdemeanor. (Tr. at 75-76.) Claimant was sentenced to thirty days on a county work farm. (Tr. at 75.) Claimant, however, did not appear for service of his thirty day sentence, and on January 18, 1996, a bench warrant was issued for his arrest. (Tr. at 23, 75.) On September 5, 2001, Peter J. Mullen of the Schenectady City Police Department in New York, certified to The Office of the Inspector General, Office of Investigations, of the SSA, that the "Law enforcement agency holding the warrant will not extradite the fugitive felon or is unwilling to act on the warrant." (Tr. at 23.)

4

On December 5, 2001, SSA notified Claimant, through his Representative Payee, his mother Janie Gibson, that he was not entitled to SSI payments from October, 1999, forward because he was determined to have been fleeing to avoid "Trial on a criminal charge of a felony; or Jail or prison after conviction of a felony; or Custody after conviction of a felony." (Tr. at 24.) On December 6, 2001, the SSA further notified Claimant of an alleged overpayment in the amount of $7,163.17 in SSI benefits from October, 1999, through December, 2001. (Tr. at 35-38.) Following a hearing on January 31, 2006, before ALJ Habermann (Tr. at 93-104.), the ALJ issued a decision finding that Claimant's SSI benefits were properly suspended and that the overpayment had been properly assessed. (Tr. at 14-16.)

The statute under which Claimant was denied SSI benefits was enacted as part of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as supplemented by the Social Security Protect Act of 2004. Title 18, U.S.C. § 1382(e)(4)(A)(i) provides as follows:

> No person shall be considered an eligible individual or eligible spouse for purposes of this subchapter with respect to any month if during such month the person is - -
>
> > (i) fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees, or in jurisdictions that do not define crimes as felonies, is punishable by death or imprisonment for a term exceeding 1 year regardless of the actual sentence imposed; or
> >
> > (ii) violating a condition of probation or parole imposed under Federal or State law.

18 U.S.C. § 1382(e)(4)(A)(i) (2006). Similarly, the Social Security Regulations provide ineligibility of benefits as follows:

> (a) Basis for suspension. An individual is ineligible for SSI benefits for any month during which he or she is --

> (1) Fleeing to avoid prosecution for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees . . . ; or
>
> (2) Fleeing to avoid custody or confinement after conviction for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees . . .; or
>
> (3) Violating a condition of probation or parole imposed under Federal or State law.

20 C.F.R. §416.1339(a)(1)-(3) (2006); see also, 20 C.F.R. §§ 416.202; 416.708 (2006). Neither the statutory nor regulatory provisions define the phrase "fleeing to avoid" confinement. The SSA therefore, issued proposed rules regarding the nonpayment of benefits to fugitive felons. See 70 Fed.Reg. 72411, 2005 WL 3271950 (Dec. 5, 2005). These proposed rules define the phrase "fleeing to avoid" as follows:

> We interpret the statutory term "fleeing to avoid" prosecution, or custody or confinement, to mean that a person has an outstanding warrant for his or her arrest. It is the responsibility of federal, state, local, and foreign courts and law enforcement officials to issue warrants and ensure that they are issued in appropriate circumstances. Therefore, we propose to determine that a person is a fugitive felon when an outstanding felony warrant for the person's arrest exists, even if that person is unaware that an outstanding warrant exists.

The SSA further sets forth in its Program Operations Manual ("POMS"), as follows:

> The complexities of criminal law that dictate whether or not an individual meets the definition of fugitive felon or parole or probation violator are sometimes unclear and can vary from state to state. For this reason, SSA relies on the expertise of law enforcement agencies and courts for determinations about an individual's legal status. *As long as a United States warrant or court order is active, SSA considers an individual to be a "fugitive felon" for SSI eligibility determination purposes. This is true even if the law enforcement agency is unwilling to extradite*, although this unwillingness to extradite may be a factor in SSA's good cause determination. *Although the warrant may not specifically state that the individual is a fugitive, SSA still considers the individual to meet the ineligibility criteria of the fugitive felon provisions until the warrant is resolved.*

Reff v. Astrue, __ F.Supp.2d __, 2008 WL 4277713 *6 (D. Minn. Sept. 15, 2008) (footnote omitted) (emphasis in original).

6

In his decision, the ALJ disagreed with Claimant's argument that the statutory and regulatory provisions applied only when the claimant was fleeing to avoid confinement based on conviction of a felony, and therefore, because the crime underlying Claimant's fugitive warrant was a misdemeanor, the fleeing felon provisions were inapplicable. (Tr. at 15.) Rather, the ALJ concluded that the statutory and regulatory provisions "refer to the felony classification of the crime of fleeing, rather than the underlying crime. That is, because the warrant issued for the claimant's arrest based on his fleeing to avoid confinement is a felony warrant, the above cited provision of the Act and Regulations are applicable." (Id.) The ALJ stated in his decision that he gave Claimant and his counsel the opportunity to produce evidence that there were no felony charges pending against Claimant due to his having fled from the State of New York, and as of the date of the ALJ's decision, no further evidence was produced. (Id.)

The Court finds that the ALJ's decision is not supported by substantial evidence. As Claimant asserts, 18 U.S.C. § 1382(e)(4)(A)(i) and 20 C.F.R. § 416.1339(a)(1)-(3) clearly and unambiguously state that a claimant is ineligible for benefits if he flees to avoid confinement after conviction of the laws from the place where he flees for either a crime or an attempt to commit a crime that is a felony under the laws of the place from where he flees. The ALJ improperly construes the clause "which is a felony under the laws of the place from which the individual flees," as modifying the crime of fleeing. However, the statute and regulation clearly state that the clause modifies the crime or attempt to commit a crime that caused the claimant to flee to avoid prosecution, custody, or confinement.

The evidence establishes that Claimant was convicted of a Class A misdemeanor under the laws of the State of New York, and therefore, was not convicted of a felony as required under 18

7

U.S.C. § 1382(e)(4)(A)(i) and 20 C.F.R. § 416.1339(a)(1)-(3). Furthermore, there is no indication in the record that a criminal complaint alleging the commission of a felony, based on Claimant's fleeing or other act, has been filed or is outstanding against Claimant. Though a bench warrant was issued for his arrest on January 18, 1996, there is no evidence that subsequent charges were filed. As Claimant notes, the initials "BW" are indicated on the court's docket from New York following a notation that his misdemeanor plea and sentencing matter was adjourned to January 10, 1996, and therefore, closely corresponds to the warrant issued on January 18, 1996. (Tr. at 88.) The bench warrant thus appears to have been issued as a result of Claimant's failure to report for service of his sentence at the county farm. The ALJ improperly determined that the absence of further information from Claimant of any pending felony charges demonstrated that felony charges were filed against him based on his act of fleeing confinement. However, the ALJ may not presume that in the absence of evidence of felony charges, the bench warrant issued in January, 2006, was based on a felony charge.

Finally, contrary to the Commissioner's assertion, the Court finds that Claimant was not on probation or parole. While Claimant may have been released on bail, there is no indication that a term of probation or parole was imposed as part of his sentence based on his misdemeanor conviction. At most, Claimant may have violated his terms and conditions of release on bond. Such violations however, are not included within the statutory and regulatory provisions proscribing benefits.

Based on the foregoing, the Court finds that the ALJ's decision to suspend Claimant's SSI benefits and to assess an overpayment from October, 1999, through December, 2001, is not supported by substantial evidence of record. Remand is appropriate for further determination as to

whether criminal felony charges were pending against Claimant as a result of his fleeing from the State of New York at the time of the suspension of his benefits and to determine whether any such charges remain pending.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings (Document No. 8.) is **GRANTED**, Defendant's Motion for Judgment on the Pleadings (Document No. 14.) is **DENIED**, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings in consideration of reinstatement of benefits and is **DISMISSED** from the active docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 30, 2008.

R. Clarke VanDervort
United States Magistrate Judge